# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF FLORIDA
*Tampa Division*

| | |
|---|---|
| EDGAR ANTONIO HERCULES PERLERA; <br><br> Saint Petersburg, Florida 33714 <br><br> Plaintiff(s) <br><br> v. <br><br> KRISTI NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security; <br> JOSEPH B. EDLOW, in his official capacity, Director, U.S. Citizenship and Immigration Services; <br>   2707 Martin Luther King Jr. Ave, SE <br>   Washington, DC 20528-0485 <br><br> PAM BONDI, in her official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice; <br>   950 Pennsylvania Avenue, NW <br>   Washington, DC 20530-0001 <br><br> Defendant(s). | Civil Action No |

_____ )

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Gabriela Perez-Dumois, Esq. Blacksten Zelaya & Perez, PLLC 2514 Hollywood Blvd., Suite 308 Hollywood, Florida 33020, Ph: 754-799-4400, Email:

1

gpd@bzplegal.com, Local Counsel for Plaintiff; Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Suite 630, Rolling Meadows, IL 60008, Ph: (312) 767-9030, Facsimile: (312) 767-9030, Email: sadaf@jeelani-law.com.

## INTRODUCTION

COMES NOW EDGAR ANTONIO HERCULES PERLERA, (hereinafter "Plaintiff PERLERA" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. This is an action for a writ of mandamus and for relief under the Administrative Procedure Act ("APA") to compel Defendants to adjudicate Plaintiff's pending Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, filed pursuant to the Violence Against Women Act ("VAWA").

2. Plaintiff filed his Form I-360 on May 1, 2025, concurrently with his Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS must adjudicate the Form I-360 before it can lawfully adjudicate the Form I-485.

3. Defendants have failed to take final agency action on Plaintiff's Form I-360, thereby halting all downstream adjudication and depriving Plaintiff of critical statutory protections and immigration benefits Congress intended VAWA self-petitioners to receive.

4. Plaintiff's Form I-360 Petition has been in pending status since May 1, 2025, for a period of over eight months (266 days), which is almost two times the

historical average processing time for similar filings made in 2025[1]. The Plaintiff has a clear right to adjudication of his Petition within a timely manner. The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. The ongoing delay in adjudicating Plaintiff's Petition, deprives Plaintiff of legal stability and security, leaving him in a state of ongoing uncertainty that affects every aspect of his life, including employment opportunities, long-term planning, and personal safety. Furthermore, Plaintiff has been unable to apply for or enlist in the United States Navy due to the absence of lawful immigration status, despite his desire and eligibility to serve. This deprivation forecloses a meaningful opportunity for public service, career advancement, and benefits tied to military service.[2]

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff's pending Petition.

## PARTIES

7. Plaintiff EDGAR ANTONIO HERCULES PERLERA is a citizen of El Salvador, and for purposes of the instant action, he is a resident of Pinellas County,

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

[2] Eligibility for enlistment in the United States Navy is limited to United States citizens and lawful permanent residents. See U.S. Navy publicly available enlistment requirements, available at: https://www.navy.com

Florida. Plaintiff PERLERA is the applicant of a properly filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, and a concurrently filed Form I-485, Application to Register Permanent Residence or Adjust Status.

8. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

10. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the

Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff PERLERA resides, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

13. Plaintiff has repeatedly requested the Defendants to make a final decision on his pending Form I-360. Furthermore, Plaintiff has initiated numerous inquiries with USCIS, directly, as well as through Senator Cory Booker's Office, all to no avail.

14. Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish his eligibility for approval of his pending Form I-360.

15. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16. On May 1, 2025, Plaintiff PERLERA concurrently filed, Form I-360 Petition for Amerasian, Widow(er), or Special Immigrant, filed pursuant to the Violence Against Women Act, and Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS (Receipt No.: LIN2601350582/ LIN2601350726). **[EXHIBIT A].**

5

17.     USCIS regulations and policy require approval of a VAWA-based Form I-360 before adjudication of the corresponding Form I-485.

18.     Both his Form I-360 and Form I-485 continue to be pending.[3]

19.     Plaintiff has made numerous inquiries over the past eight months (266 days) since the filing of his Form I-360, with USCIS, directly, as well as through Senator Cory Bookman's Office, requesting the adjudication of his Petition.

20.     Plaintiff's inquiries have not resulted in any meaningful responses from USCIS.

21.     Plaintiff PERLERA's Form I-360 Petition now continue to be pending with USCIS for over the past eight months (266 days) since the filing of his Form I-360.

22.     USCIS has published a historical average processing time in 2025 of 4.2 months for the adjudication of Form I-360. Plaintiff's Petition has been pending

---

[3] Plaintiff acknowledges that USCIS must first adjudicate his Form I-360 VAWA self-petition before the agency may proceed to adjudicate his Form I-485 application for adjustment of status. Accordingly, Plaintiff brings this action to compel USCIS to fulfill its nondiscretionary duty to adjudicate his pending Form I-360 Petition. While the Petition has been pending for several months, USCIS's continued inaction, without a clear standard, explanation, or timetable, has resulted in concrete and ongoing harm to Plaintiff. Furthermore, USCIS's failure to adjudicate Plaintiff's Form I-360 has effectively stalled all additional immigration benefits, depriving Plaintiff of the protections and stability Congress intended to provide to VAWA self-petitioners. Absent an adjudication of his pending Form I-360, Plaintiff remains unable to obtain lawful permanent resident status or the attendant rights and protections afforded to lawful permanent residents, leaving him in prolonged legal uncertainty and vulnerability. This harm is particularly acute given the humanitarian nature of VAWA, which was designed to provide timely protection and relief to survivors of domestic abuse and violence. The human interests at stake are significant, and USCIS's failure to act meaningfully on Plaintiff's Petition, regardless of the precise length of the delay, warrants judicial intervention to compel adjudication.

for over eight months, which is almost two times the historical average processing time as reported by USCIS.[4]

23. Defendants have refused to provide further explanation which would merit the need for almost two times the historical average processing time for the adjudication of Plaintiff PERLERA's Petition.

24. Despite Plaintiff's compliance with all filing requirements, USCIS has failed to adjudicate the Form I-360 or provide any meaningful indication as to when adjudication will occur.

25. Plaintiff PERLERA has endured significant financial and emotional burdens because of the unreasonable period of time that his case has remained unadjudicated. Furthermore, USCIS's inaction has effectively frozen Plaintiff's immigration process and foreclosed access to the legal protections that accompany lawful permanent residence. Plaintiff is deprived of legal stability and security, leaving him in a state of ongoing uncertainty that affects every aspect of his life, including employment opportunities, long-term planning, and personal safety. Importantly, Plaintiff is unable to apply for or enlist in the United States Navy due to the absence of an adjudicated immigration status, despite his desire and eligibility to serve. This deprivation forecloses a meaningful opportunity for public service, career advancement, and benefits tied to military service. [**EXHIBIT B**].

---

[4] See https://egov.uscis.gov/processing-times/historic-pt

26. The continued delay frustrates the core humanitarian purpose of VAWA by prolonging Plaintiff's vulnerability and dependence rather than affording timely protection and relief.

27. These harms are not speculative; they are immediate, ongoing, and directly attributable to Defendants' failure to act.

28. Furthermore, Plaintiff PERLERA has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

29. Additionally, Plaintiff has incurred significant attorney's fees and has lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiff's Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA - FORM I-360

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Defendants have a duty to adjudicate PERLERA's Form I-360 Petition within a reasonable period of time under 5 U.S.C. §555(b).

32. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

33. No other adequate remedy is available to Plaintiff.

34. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his Petition.

35. In the absence of any articulated justification from Defendants for their failure to render a decision on Plaintiff PERLERA's petition, Plaintiff's Form I-360 has remained pending for more than eight months (266 days) since its filing. This ongoing delay and inaction in adjudicating Plaintiff's Petition constitute an unreasonable delay, particularly in light of the serious and ongoing harm Plaintiff continues to suffer as a direct result of USCIS's failure to adjudicate the Petition. As a consequence, Plaintiff PERLERA has been deprived of the legal protections and stability afforded to lawful permanent residents and has been precluded from enlisting in the United States Navy due to his lack of lawful immigration status.

36. Defendants have failed in their statutory duty to adjudicate the Petition within a reasonable period of time.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff PERLERA's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff PERLERA's case.

38. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff PERLERA's Form I-360 Petition, thereby depriving Plaintiff of the rights to which he is entitled.

39. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Furthermore, Plaintiff PERLERA has been unable

to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Petition.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Petition immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  January 23, 2026             Respectfully submitted,

                 /s/ Sadaf F. Ahmed
                **Sadaf F. Ahmed, Esq.**
                **JEELANI LAW FIRM, PLC**
                **3501 W. Algonquin Road, Suite 200**
                **Rolling Meadows, IL 60008**
                sadaf@jeelani-law.com
                **Phone:(312) 767-9030**
                **Fax:(312) 549-9981**
                *Counsel for Plaintiff*

<u>/s/ Gabriela Perez-Dumois</u>
**Gabriela Perez-Dumois, Esq.**
**Blacksten Zelaya & Perez, PLLC**
**2514 Hollywood Blvd., Suite 308**
**Hollywood, Florida 33020**
**gpd@bzplegal.com**
**Ph: 754-799-4400**
***Local Counsel for Plaintiff***
